UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-00006-1-JRG |
| | ) | |
| CHRISTOPHER ISAAC LOWE | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Christopher Isaac Lowe's letter [Doc. 300], which the Court construes as a renewed motion for compassionate release due to the COVID-19 pandemic, and the United States' Response in Opposition [Doc. 305]. In April, Mr. Lowe moved for compassionate release without specifying a statutory basis for his motion. In denying his motion, the Court informed Mr. Lowe that, to the extent he was moving for relief under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), it was without authority to grant him relief under this statute. [Mem. Op. & Order, Doc. 297, at 1–2]. The Court also informed Mr. Lowe that, to the extent he was moving for relief under 18 U.S.C. § 3582(c)(1)(A), the Court lacked authority to consider his motion because he had not satisfied the statute's mandatory exhaustion requirement. [*Id.* at 2–3]. Mr. Lowe now renews his motion for compassionate release, citing an underlying lung condition. [Def.'s Mot. at 1].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). In requesting compassionate release, Mr. Lowe again invokes the CARES Act, stating that he "would like to be granted release from prison due to the COVID-19 under the CARES

Act." [Def.'s Mot. at 1]. Under 18 U.S.C. § 3624(c)(2), the Director of the Bureau of Prisons has the power to place a prisoner in home confinement "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." And under § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), "if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2)." But neither of these statutes vests decision-making authority in the federal district courts; rather, they place decision-making authority solely with the Attorney General and the Director of the Bureau of Prisons. *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *2 (E.D. Tenn. Apr. 15, 2020). The Court therefore does not have authority to grant relief to Mr. Lowe under the CARES Act. *Id.*

Next, to the extent that Mr. Lowe is moving for relief under § 3582(c)(1)(A), he is not entitled to compassionate release because he has not yet not satisfied the statute's exhaustion requirement. Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts can consider motions for compassionate release once a defendant either exhausts his administrative remedies with the Bureau of Prisons or waits thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A).

Although Mr. Lowe wrote to his facility's warden in March and asked "if [he] can apply for the release," [Def.'s E-mail, Doc. 300-1, at 9], he did not identify a basis for compassionate release under "Program 5050.50" or submit the necessary medical documentation to the warden. [*Id.*]. In response, the warden informed Mr. Lowe that he was unable to render a decision as to his eligibility for compassionate release because his request was incomplete, and he notified Mr. Lowe that he would "review [his] eligibility" upon receipt of a complete request. [*Id.*]. Despite the warden's response, Mr. Lowe provides the Court with no documentation establishing that he went on to submit a complete request for compassionate release for the warden's consideration. Because Mr. Lowe has failed to properly petition the warden, the Court is unable to consider his motion for compassionate release as this time. *See United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is mandatory and that courts lack license to create a judge-made or an equitable exception to it). Mr. Lowe's motion [Doc. 300] is therefore **DENIED without prejudice**.

So ordered.

ENTER:

_____
                    s/J. RONNIE GREER
            UNITED STATES DISTRICT JUDGE

3